### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **BAKER PISTOL RIDGE** | § | |
| **GENERAL PARTNERSHIP** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil Action No. 1:11cv143-LG-RHW** |
| | § | |
| **PAR MINERALS CORPORATION;** | § | |
| **HEATHER LOWE HECTOR;** | § | |
| **AVERIL LOWE CARROLL;** | § | |
| **and BRYAN LOWE** | § | **DEFENDANTS** |

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**BEFORE THE COURT** are the Motion to Remand [16] filed by Baker Pistol

Ridge General Partnership (hereinafter referred to as "Baker"), and the Motion to

Strike Memorandum in Support of Motion [52] filed by Par Minerals Corporation.

Upon reviewing the submissions of the parties and the applicable law, the Court

finds that the Motion to Remand should be granted.  Par Minerals' Motion to Strike

the untimely Reply Memorandum and affidavits filed by Baker in support of its

Motion to Remand is moot, since the memorandum and affidavits do not affect this

Court's decision that Par Minerals has failed to demonstrate by a preponderance of

the evidence that the amount in controversy is satisfied.

### FACTS

In 2009, Heather Lowe Hector, Averil Lowe Carroll, and Bryan Lowe ("the

Lowe Defendants") granted oil, gas, and mineral leases to Sand Rock Oil, LLC,

which in turn assigned its interests in the leases to Baker.  Compl. at 3-5.  The

leases pertain to a portion of land that is referred to as the Pistol Ridge Field in the

oil and gas industry.  The Lowe Defendants subsequently granted oil, gas, and

mineral leases to Par Minerals. *Id.* at 8. Baker contends that when the Lowe Defendants executed Par Minerals' leases, Baker's leases had not expired, and thus, Par Minerals' leases were not valid. *Id.* at 8-9. Therefore, at issue in this case is the validity of the oil, gas, and mineral leases.

In February of 2011, Baker filed this action in Pearl River County Chancery Court, seeking a declaratory judgment that Par Minerals' leases were invalid. Compl. at 10. Baker also seeks injunctive relief allowing him to conduct operations on the land as well as enjoining Par Minerals from drilling and exploring on the land covered by the leases. *Id.*

On March 31, 2011, the defendants removed the case to this Court, alleging diversity jurisdiction. Baker moved to remand the case to state court on the sole ground that the amount in controversy requirement has not been satisfied.

## DISCUSSION

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, and the civil action is between citizens of different states. Baker Pistol Ridge General Partnership has two partners, Mason Baker and Charlene Baker. Pl.'s Mem. [49] at 2. The Bakers are residents of Lafayette County, Mississippi. *Id.* Heather Lowe Hector is a resident of Colorado. Compl. [1-2] at 1; Lowe Am. Answer at 2. Averil Lowe Carroll is a resident of Virginia, and Bryan Lowe is a resident of Florida. Compl. at 1, 2; Lowe Am. Answer at 2. The Complaint refers to Par Minerals as a limited liability

company, but it is actually a Louisiana corporation with its principal place of business in Shreveport, Louisiana. Par Minerals Answer [8] at 2; Order [15]. Thus, the only matter in dispute is whether the amount in controversy exceeds $75,000.

The party invoking federal jurisdiction bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (citing *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252 (5th Cir. 1998)). The jurisdictional facts supporting removal must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). When the complaint does not specify the dollar amount in controversy, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). There are two ways in which the defendant can satisfy this burden. First, the defendant may show that it is facially apparent from the complaint that the plaintiff's claims are likely to exceed $75,000. *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 639 (5th Cir. 2003). If the amount in controversy is not facially apparent, the defendant "may support federal jurisdiction by setting forth the *facts* – [either] in the removal petition [or] by affidavit – that support a finding of the requisite amount." *Garcia*, 351 F.3d at 639 (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

In its Motion to Remand, Baker contends that "the original complaint alleges and makes comment of a sum of $22,493.42, and no other amount is alleged, stated

or commented therein."   Pl.'s Mot. [16] at 2.   Baker further points out that the

Complaint alleged no specific amount of damages as the $22,493.42 was a reference

to the amount that was spent to allegedly construct and develop a well location on

the land.  *Id.*   Therefore, Baker argues that the case should be remanded to state

court, because the amount in controversy is below the $75,000 jurisdictional

minimum for diversity jurisdiction.

Baker's argument that the amount in controversy is limited to the monetary

sum of $22,493.42 is unpersuasive.   According to the Complaint, Baker seeks

injunctive relief. "In actions seeking declaratory or injunctive relief, it is well

established that the amount in controversy is measured by the value of the object of

the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977);

*Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996); *Green Oaks, LLC v. U.S.*

*Bank Custodian-Sass Muni V*, No. 1:09cv221-LG-RHW, 2009 WL 2019060 at *1

(S.D. Miss. 2009).  Where the validity of an oil or mineral lease is at issue, the value

of the lease constitutes the amount in controversy.  *Usery v. Anadarko Petroleum*

*Corp.*, 606 F.3d 1017, 1019 (8th Cir. 2010); *Northup Props., Inc. v. Chesapeake*

*Appalachia, LLC*, 567 F.3d 767, 770 (6th Cir. 2009).   The Sixth Circuit has

explained:

> Of course, accounting for mineral interests is not an exact science.  The
> Supreme Court acknowledged as much in *ASARCO, Inc. v. Kadish*, 490
> U.S. 605 (1989), noting that a "possible distinction between mineral
> leases and the lease of lands for other purposes is that mineral rights
> can be difficult to appraise."  *Id.* at 628 n.3.  Even so, the Court
> maintained that the speculative character of such interests "does not

defeat the existence of a 'market value' in mineral rights." *Id.* (citing *Mont. Ry. Co. v. Warren*, 137 U.S. 348, 352-53 (1890)). And as the Seventh Circuit observed in a tax context, a mineral lease is not "worthless" – even in a tract where a sole well lies abandoned – as long as some possibility exists to drill other wells that "might result in finding oil and gas in productive quantities." *Davis v. C.I.R.*, 241 F.2d 701, 703 (7th Cir. 1957). . . .

*Northup Props., Inc.*, 567 F.3d at 770-771.

In *Usery*, the Eighth Circuit held that an affidavit from a petroleum engineer who opined that the right to natural gas would produce more than $400,000 of income over its productive lifetime was insufficient to establish that the amount in controversy exceeded $75,000. *Usery*, 606 F.3d at 1019. The affidavit failed to include the present value of the interest, contained no estimate of the length of time over which the interest would produce, did not state whether production would be constant over its productive life, and contained no indication of whether the estimated income was gross or net. *Id.* The court also rejected an affidavit from a reservoir engineer that estimated an income in the high six figure range from a gas well drilled on the property, based on his assumption that the proposed well would be as productive as another well three miles away. *Id.* at 1020. The court noted that the reservoir engineer's affidavit contained the same deficiencies as the petroleum engineer's affidavit, and the affidavit provided "no hint as to the likelihood that the well on the property in issue would be as productive as the one three miles away." *Id.*

Here, the burden of proof lies with Par Minerals, the party seeking to invoke diversity jurisdiction. In its Response to the Motion to Remand, Par Minerals claims that Baker must prove to a legal certainty that its claim is for less than the jurisdictional amount once the defendant establishes that the amount in controversy exceeds $75,000. Def.'s Resp. [21] at 4-5. However, the legal certainty test advocated by Par Minerals has been held inapplicable in situations where, as here, the plaintiff has alleged an indeterminate amount of damages. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). When the damages alleged are indeterminate, the defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar*, 47 F.3d at 1411-12.

In an attempt to satisfy its burden, Par Minerals has offered a sworn affidavit from Windell Phillips, who has worked as a professional petroleum geologist for over twenty-five years. Ex. A to Def.'s Resp. [21] at 1. He graduated with a Bachelor of Science degree in geology from Centenary College in 1985. *Id.* Phillips estimates that "the present value of the producible natural gas and condensate that underlie the Land [sic] is not less than $2,503,200.00." *Id.* at 5. Phillips' conclusion is based on a geological structure map of the Pilot Sand of the Lower Tuscaloosa Gas and Oil Producing Pool that underlies the Pistol Ridge Field. *Id.* at 3. The map was prepared by Phillips' staff under his supervision. *Id.* Phillips explained:

> I reached my opinion by using industry-recognized methodologies to geologically map and calculate recoverable oil, condensate and natural

gas reserves. The general method is to calculate the producible natural gas, condensate and oil attributable to the Pilot Sand on the basis of producible oil and natural gas reserves per acre, and then multiply that figure by a given amount of acreage. This method assumes that distribution of the Pilot Sand is fairly uniform across the acreage for which reserves are given credit and that it is productive across said acreage, and in my opinion that is a correct assumption. My support for the assumption that Pilot Sand is uniformly distributed across the Land at issue is based on well logs from older wells that have been drilled on the various tracts of land in Section 15, and logs from said wells exhibit that the Pilot Sand is present.

*Id.* at 4. Phillips does not state whether his estimate considered the costs of extracting the oil and gas or what those costs would be. *See id.* He also does not state the length of time that it would take to extract the oil and gas from the land. *See id.* He does, however, claim that his estimate represents the present value of the producible natural gas and condensate that underlie the land. *Id.* at 5.

The lease, itself, not the minerals underlying the land, is the object of this litigation. The Court cannot determine the value of the lease from Phillips' affidavit, since that affidavit does not provide any information concerning the costs involved in extracting the minerals or the length of time that the extraction would take. As the Eighth Circuit has explained, "This is a significant omission: The value of the mineral interest on the market would decrease as exploration, development, and extraction costs increased." *Usery*, 606 F.3d at 1019. This deficiency in the affidavit, as well as the inherent difficulty in appraising mineral rights and the fact that Phillips' opinions are based on assumptions, lead this Court to conclude that Par Minerals has not demonstrated that it is more likely than not

that the lease is worth more than $75,000.  Therefore, the Court finds that it does

not have jurisdiction over this lawsuit.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to

Remand [16] filed by Plaintiff, Mason Baker, is **GRANTED**.  The above styled and

numbered cause is hereby **REMANDED TO THE CHANCERY COURT OF**

**PEARL RIVER COUNTY, MISSISSIPPI** pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion to Strike

[52] filed by Par Minerals and all other pending Motions [23], [25] filed in this

lawsuit are **MOOT**.

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of

this order of remand shall be immediately mailed by the Clerk of this Court to the

clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 5th day of August, 2011.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge